# Case History

Generated: 07/18/2013 11:45:03AM

**MEADS, WILLIE VS. LEXINGTON-FAYETTE CO. URBAN GOV,**

**Case# 13-CI-02658**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. JAMES D. ISHMAEL, JR.
**Current Judge**
**Closing Judge**

| | | | Page # |
|---|---|---|---|
| 06/27/2013 | **Case Filed**<br>OTHER | | |
| 06/27/2013 | **Document Filed**<br>COMPLAINT / PETITION<br>APS | | |
| 06/27/2013 | **Document Filed**<br>RECEIPT<br>APS | | |
| 06/27/2013 | **Summons Filed - LEXINGTON-FAYETTE CO. URBAN GOV,**<br>PERSONAL SERVICE<br>*CLATER* | @00000557568 | |
| 06/28/2013 | **Summons Served/Recalled - LEXINGTON-FAYETTE CO. URBAN GOV,**<br>PERSONAL SERVICE<br>*CLATER* | @00000557568 | |
| 07/17/2013 | **Document Filed**<br>ANSWER<br>AD<br>*LFUCG* | | |

UE COPY
EST: VINCENT RIGGS, CLERK
AYETTE CIRCUIT COURT
BY KKearns DEPUTY

EXHIBIT
A

Commonwealth Of Kentucky
Fayette County Circuit Court
Case Number: 3
Division Number: 13-CI-2658

Willie Meads Plaintiff

Vs.

Lexington-Fayette
County Urban Government Defendant

Complaint

1. This action arises under the laws of the United States, particularly Title 7 of the civil rights act of 1964 and 42 U.S.C. 1983, as well as under the laws of the Commonwealth Of Kentucky.

2. The jurisdiction of this court is invoked under the provisions of 28U.S.C. s1331 and 1342(4) This being an action arising under the laws of the United States as well as being an action to recover damages and equitable relief under an act of the United States Congress for the protection of civil right.

3. All acts herein complained occurred with in Lexington-Fayette County Kentucky and the venue of all such matters as complained are placed with this court.

4. This matter in controversy will exceed 10,000.00 ten thousand dollars.

5. The plaintiff has filed a claim with the Lexington Fayette County Human Rights Commission and the U.S.E.E.O.C. and has received the right to sue.

The Parties

6. The plaintiff Willie Meads, where at all times mentioned herein, is a middle age black man, citizen of the United States, resident of Lexington-Fayette County Kentucky and a former employee of the defendant, Lexington-Fayette County Urban Government.

7. The defendant, Lexington-Fayette County Urban Government, is an organization in charge of and responsible city government in Lexington-Fayette County Kentucky.

Factual Allegations
First Cause Of Action

8. The plaintiff Meads makes the claims of: racial discrimation, hostile work environment, retaliation, wrongful termination and an illegal conspiracy.

9. In July of 2012 the black plaintiff Meads was terminated from his position with the Lexington-Fayette County Urban Government for reasons that have changed and number of times since Meads actual termination date.

10. Between July 3, 2012 and October 20, 2012 , the defendant brought fourth 4 different reason at 4 different times for terminating the plaintiff Meads. Said defendant brought these reasons before the Lexington-Fayette County Human Rights commission, the U.S. E.E.O.C. and the Kentucky Cabinet Of Unemployment insurance. The Kentucky Cabinet of Unemployment even went as fast as to help the defendant with his last reason and claim, and in an act of conspiracy entered it into the record on the defendant's behalf.

11. Yet, the above listed statement is only the tip of the iceberg, during the court's period of discovery the plaintiff Meads will amend his civil action, add an additional defendant agency and 9 individual defendants, said plaintiff at that point will take the court step by step through each and every illegal event in his termination, U.S.E.E.O.C. filing and his filing for state unemployment benefits.

12. Said plaintiff makes the claim that his termination was race based and had he been a white employee working in a pordomitly white department, such as police or fire department, the defendants would have applied the laws that govern U.S.E.E.O.C. filing and investigated the plaintiff's claim as the law requires. The black plaintiff Meads worked for the prodimitly black solid waste department. Wherefore, the white defendant saw no need for an investigation and questioned no one with no regard to Meads claims.
While at the same time, white employee with the same U.S.E.E.O.C. filings received the benefit of the law and was not subject to said discrimination like

the black plaintiff.

13. The plaintiff Meads makes the claim of retaliation. Between June 9,2012 and July 2, 2012 the plaintiff Meads brought fourth his charge of age and sex discrimination. First to upper management in his solid waste department. Meads then took his claims before L.F.U.C.G. lawyers on the 6th floor of 200 East Main Street Lexington, Ky. Meads then filed his claims with the Lexington Human Rights Commission and U.S.E.E.O.C. and lastly, Meads filed his claims with L.F.C.U.G. department of human resources. Five days after his last civil rights filing, and for reason connected to retaliation, the defendant then terminated his employment.

14. The plaintiff Meads makes the claim of a hostile work environment, and claims that members of management in L.F.U.C.G. solid waste planned the plaintiff termination his first day of training and boldly announced it to everyone in the solid waste bay area. Said plaintiff work environment was hostile to the point it effected his work and training.

15. And lastly, the plaintiff makes the claim of wrongful termination, illegal conspiracy. Said plaintiff claims are built on the defendant's disregard for the law, perjury, document tampering, forgery, witness tampering and conspiring with other agency to hid evidence, fraud, financial gains and fabucating evidence. Said plaintiff will go into great detail on the above listed in his up coming amended complaint, his goal now is to stop the clock.

Claims For Relief

16. As a direct and approximate of the illegal actions of the defendant as set out in this complaint, the plaintiff has suffered actual and compensatory damages as set out under the law, and is entitled to recover the same from the defendant.

17. As a result of the willful, wanton, deliberate, reckless, malicious and or grossly negligent nature of the actions of the defendant as brought fourth in this complaint, the plaintiff is entitled to recover from the defendant punitive and vindictive damages as set out under the law.

Wherefore The Plaintiff
Demands As Follows;

1. Full reinstatement of employment.

2. Actual damages in the amount of 200.000.00 two hundred thousand dollars.

3. Punitive and or vindictive damages in the amount of 500.000.00 five hundred thousand dollars.

4. Cost of the court

5. Reasonable attorney fees

6. Trail by jury

7. Any such relief the court deems just and proper.

Respectfully submitted,

Willie R. Meads
800 Willow Oak Circle
Lexington, Ky 40514
(859)223-3244

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **William Meads**
**800 Willow Oak Circle**
**Lexington, KY 40514**

From: **Indianapolis District Office**
**101 West Ohio St**
**Suite 1900**
**Indianapolis, IN 46204**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **24H-2012-00086** | **Ethel M. Harmon, State & Local Program Manager** | **(317) 226-6144** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Webster N. Smith,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc:

**HR DIRECTOR**
**LEXINGTON FAYETTE URBAN CO GOVT DIV. OF WASTE MGMT.**
**200 E. Main St.**
**Lexington, KY 40507**

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

COMMONWEALTH OF KENTUCKY · COURT OF JUSTICE · lex et justitia

**CIVIL SUMMONS**

Case No. 13-CI-2636
Court [X] Circuit [ ] District
County Fayette

**PLAINTIFF**

WILLIE MEADS

**VS.**

**DEFENDANT**

L.F.C.U.G.

**Service of Process Agent for Defendant:** C.E.O RICHARD MOHNEY
200 E MAIN ST.
LEXINGTON KY.

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: JUN 27 2013, 2______

~~VINCENT RIGGS, CLERK~~ Clerk
By: FAYETTE CIRCUIT COURT D.C.
CIVIL DIVISION
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of ________________, 2______.

Served by: ______________________________

______________________________ Title

# Fayette County

## Random Judge Assignment Report

**Court:** FAYETTE CIRCUIT COURT - CIVIL CASES

**Requestor:** GLENDA **Reference/Case Number:** 13-ci-2658

**This Case has been Assigned to:** 3rd **Division**

Judge James D. Ishmael, Jr. 622224

**Control Date/Time:** 06/27/2013 12:51:26PM

Commonwealth of Kentucky
Fayette County
Vincent Riggs
Circuit Court Clerk

Receipt Number: 05-0071346-A
DATE: 06/27/2013
TIME: 12:54 PM

*** (II) CIRCUIT CIVIL–FILING/PRO SE ***

CASE NO: 13-CI-02658

RECEIVED FROM: WILLIE MEADS
ACCOUNT OF: WILLIE MEADS VS LFUCG

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 115.00 |
| 2. | ATJ Fee (1) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 10.00 |
| 4. | Court Facilities Fee (J) | 25.00 |
| 5. | Library Fee (L) | 1.00 |
| | TOTAL: | $171.00 |
| | CASH: | $200.00 |
| | ***DIFF: | -29.00 |

Prepared By: VINCE RIGGS/gm
** MCFO=Money Collected for Others
** CS=Charge for Services

Page 1 of 1

**Date Printed:** 06/27/2013 **Time Printed:** 12:55:18PM **Page:** 1

PD

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

**CIVIL SUMMONS**

Case No. 13-CI-2658
Court [X] Circuit [ ] District
County Fayette

FILED
ATTEST. VINCENT RIGGS, CLERK
JUN 28 2013
FAYETTE CIRCUIT CLERK
BY ____ DEPUTY

WILLIE MEADS

**PLAINTIFF**

VS.

L.F.C.U.G.

**DEFENDANT**

**Service of Process Agent for Defendant:** C.A.O ~~RICHARD MOHNEY~~
200 E MAIN ST.
LEXINGTON KY.

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

Sally Hamilton

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: JUN 27 2013, 2______

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507
______ Clerk

By: ______ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: Sally Hamilton, CAO for LFUCG, 200 E. Main

this 28th day of June, 2013.

Served by: Joyce Clater
CFC Title

JOYCE CLATER, FIRST DISTRICT CONSTABLE
107 1/2 CHURCH ST. LEXINGTON, KY 40507
(859) 255-4371

FILED
ATTEST, VINCENT RIGGS, CLERK
JUL 17 2013
FAYETTE CIRCUIT CLERK
BY KKearn

FAYETTE CIRCUIT COURT
CIVIL BRANCH
THIRD DIVISION
CIVIL ACTION NO. 13-CI-2658

WILLIE MEADS PLAINTIFF

ANSWER

vs.

A TRUE COPY
ATTEST: VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY KKearn DEPUTY

LEXINGTON-FAYETTE
URBAN COUNTY GOVERNMENT DEFENDANT

* * * * * * *

Comes the Defendant, Lexington-Fayette Urban County Government ("LFUCG"), by counsel, and for its Answer to the above-styled action, states as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.

SECOND DEFENSE

1. In response to paragraphs 1, 4, 8, 11 and 15 of the Complaint, Defendant LFUCG states that these paragraphs list the nature of the claims being brought and/or the future plans of Plaintiff related to the Complaint and/or call for legal conclusions and, thus, do not require an admission or denial. However, Defendant LFUCG denies any allegations contained in said paragraphs and denies that Plaintiff has any legitimate claim.



KSK

2. Defendant LFUCG denies the allegations in paragraph 2 of the Complaint and states that 28 U.S.C. § 1331 and 28 U.S.C. § 1342(4) do not address the jurisdiction of Kentucky state courts.

3. Defendant LFUCG admits the allegations in paragraphs 3 and 5 of the Complaint.

4. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant LFUCG admits that Plaintiff Willie Meads is a black male, that he is a resident of Lexington, Fayette County, Kentucky, that he is a citizen of the United States, and that he is a former employee of LFUCG, but states that Plaintiff was a probationary (at will) employee. Defendant LFUCG is without sufficient knowledge or information to admit the remaining allegations of paragraph 6 and therefore denies same.

5. In response to paragraph 7 of the Complaint, Defendant LFUCG states that LFUCG is more accurately described as an urban county government created pursuant to Chapter 67A of the Kentucky Revised Statutes and denies any remaining allegations contained in the Complaint.

6. With respect to the allegations in paragraph 9 of the Complaint, Defendant LFUCG admits that Plaintiff Willie Meads was dismissed from his probationary employment in July 2012. The remaining allegations in paragraph 9 are denied.

7. With respect to the allegations in paragraph 10 of the Complaint, Defendant LFUCG admits that Plaintiff Willie Meads filed a charge of

discrimination with the Lexington-Fayette Urban County Human Rights Commission and with the U.S. Equal Employment Opportunity Commission. Further, Defendant LFUCG admits that Plaintiff applied for unemployment compensation following his dismissal. The remaining allegations in paragraph 10 are denied.

8. With respect to the allegations in paragraph 12 of the Complaint, Defendant LFUCG denies that the dismissal of Plaintiff Willie Meads from his probationary employment was race-based. Further, LFUCG denies the allegation that it did not comply with the laws that govern E.E.O.C. filings and states that it cooperated fully with the investigation of Plaintiff's charge of discrimination by the Lexington-Fayette Urban County Human Rights Commission and the U.S. Equal Employment Opportunity Commission. Defendant LFUCG denies any remaining allegations contained in paragraph 12.

9. With respect to the allegations in paragraph 13 of the Complaint, Defendant LFUCG admits that Plaintiff Willie Meads filed a charge of age and sex discrimination with the Lexington-Fayette Urban County Human Rights Commission and the U.S. Equal Employment Opportunity Commission. LFUCG admits that Plaintiff filed a complaint with LFUCG's Division of Human Resources. Finally, LFUCG admits that Plaintiff was dismissed from his probationary employment, but denies that the dismissal was retaliatory. LFUCG denies any remaining allegations contained in paragraph 13.

10. With respect to the allegations in paragraph 14 of the Complaint, Defendant LFUCG denies that it planned to terminate Plaintiff's employment on his first day of training. The remaining allegations in paragraph 14 call for legal conclusions and LFUCG is not required to admit or deny those allegations.

11. Paragraphs 16 and 17 of the Complaint call for legal conclusions. Defendant LFUCG is not required to admit or deny those allegations.

12. Defendant LFUCG denies each and every remaining allegation in Plaintiff's Complaint unless specifically admitted herein.

## THIRD DEFENSE

Defendant LFUCG states that at all times relevant, it followed all administrative, federal, state, and local rules, regulations, policies, and requirements of law, and LFUCG pleads and relies upon the same as a complete and/or partial bar to all claims against it.

## FOURTH DEFENSE

Defendant LFUCG states that the Plaintiff was and is required to mitigate his damages, and to the extent that he has failed to do so, he may not recover said damages which may have been avoided or otherwise lessened.

## FIFTH DEFENSE

If the facts show that Plaintiff's claims are barred by the applicable statute of limitations, Defendant LFUCG pleads and relies upon the same as a complete and/or partial bar to all claims brought against it.

SIXTH DEFENSE

If the facts show that Plaintiff Willie Meads failed to exhaust administrative, federal, or state law remedies, Defendant LFUCG pleads and relies upon same as a complete and/or partial bar to the claims against it.

SEVENTH DEFENSE

Defendant LFUCG adopts and incorporates by reference all affirmative defenses that may be available to it under Title VII, 42 U.S.C.A. § 1983, Chapter 344 of the Kentucky Revised Statutes, Chapter 67A of the Kentucky Revised Statutes, and any other statutory, decisional, or common law defenses that may be available.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity, official immunity and/or qualified immunity and LFUCG relies upon same as a complete and/or partial bar to all claims against it in this action.

NINTH DEFENSE

Defendant LFUCG pleads and relies upon each and every provision of their employment policies and procedures as a defense to Plaintiff's claims.

TENTH DEFENSE

Defendant LFUCG states that at all times relevant, the policies, procedures, customs and practices of the Lexington-Fayette Urban County Government were lawful, reasonable and constitutional, and pleads and relies upon the same as a complete and/or partial bar to all claims against them.

ELEVENTH DEFENSE

Defendant LFUCG states that the Plaintiff's claim for punitive damages is barred in whole or in part to the extent that an award of punitive damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and/or Section 2 of the Kentucky Constitution and/or any other applicable provisions of the United States and/or Kentucky Constitutions.

TWELFTH DEFENSE

To the extent of which they have not been overturned, Defendant LFUCG adopts, incorporates and pleads each and every provision of KRS § 411.184 and 411.186 as a complete bar to all claims for punitive damages.

THIRTEENTH DEFENSE

Defendant LFUCG states that at the time and place and on the occasion complained of in the Plaintiff's Complaint, Plaintiff's injuries and damages, if any, were caused and brought about by superseding and intervening events, not within the control of LFUCG, and LFUCG pleads and relies upon the same as a complete and/or partial bar to all claims against it.

FOURTEENTH DEFENSE

Defendant LFUCG pleads and relies upon the doctrines of res judicata and/or collateral estoppel as a complete and/or partial bar to all claims against it.

FIFTEENTH DEFENSE

Defendant LFUCG states that at all times relevant, its actions were reasonable, in good faith, without malice, and with probable cause, without any

intent to violate Plaintiff's constitutional or statutory rights, and LFUCG pleads and relies upon the same as a complete and/or partial bar to all claims against it.

SIXTEENTH DEFENSE

Defendant LFUCG pleads and relies upon the affirmative defenses of laches, waiver, estoppel, and failure to join necessary and indispensible parties.

SEVENTEENTH DEFENSE

Defendant LFUCG reserves the right to amend its Answer pursuant to CR 15 and FRCP 15, to raise additional affirmative defenses, as necessary, following discovery and investigation into the facts and circumstances of this case.

WHEREFORE, having answered, Defendant LFUCG demands that the Complaint be dismissed and held for naught; demands its costs herein expended, including reasonable attorney fees; and demands any and all other relief to which it may appear entitled.

Respectfully submitted,

MICHAEL S. CRAVENS, Attorney
GLENDA H. GEORGE, Managing Attorney
LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT
Department of Law
200 East Main Street
Lexington, Kentucky 40507
Tel. (859) 258-3500
Fax (859) 258-3538

BY: Michael S. Cravens
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer was served on the Plaintiff, pro se, by mailing a copy of same, first class postage prepaid, this the 17th day of July, 2013, to the following:

Willie R. Meads
800 Willow Oak Circle
Lexington, KY 40514

COUNSEL FOR DEFENDANTS

X:\Cases\WASTE\13-LI0633\PLE\00398774.DOC