UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIE MEADS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5: 13-228-DCR |
| V. ) | |
| ) | |
| LEXINGTON-FAYETTE URBAN ) | |
| COUNTY GOVERNMENT, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Willie Meads, a self-described middle-aged black man, was previously employed by the Lexington-Fayette Urban County Government ("LFUCG"). He filed this action after being terminated from his employment in July of 2012. After an Amended Complaint was filed, several of the newly-joined defendants moved the Court to dismiss the plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record Nos. 18 and 20] The first motion to dismiss was filed by Defendants Education and Workforce Development Cabinet; Steve Wilborn, in his official capacity; Ray Crider, in his official capacity; Jon Ackerson, in his official capacity; and "unnamed individuals responsible for their training" (hereafter, "the Cabinet Defendants"). [Record No. 18][1] The second motion to dismiss was filed by eight current or former employees of

---

[1] It does not appear that the plaintiff has asserted claims against the Cabinet Defendants in their individual capacities. The Amended Complaint does not contain any factual allegations that would support such claims.

LFUCG. [Record No. 20] The moving defendants include: Richard Maloney, Ashley Case, Nicole Rodriguez, Steve Feese, Kevin Bennett, Emma Turley, Kelvin Jackson, and Mike Conners (hereafter, "the LFUCG Defendants"). The motion to dismiss involves the claims asserted against these defendants in their individual and official capacities. Having considered the defendants' motions and the plaintiff's response, the Court will dismiss with prejudice all claims asserted against them.

**I.**

Meads filed this action in the Fayette Circuit Court on June 27, 2013. LFUCG was the only defendant named in the original Complaint which contains the following allegations:

> 1. This action arises under the law of the United States, particularly Title 7 of the civil rights act of 1964 and 42 U.S.C. 1983, as well as the law of the Commonwealth of Kentucky.
>
> \*\* \*\* \*\*
>
> 5. The plaintiff has filed a claim with the Lexington County Human Rights Commission and the U.S.E.E.O.C. and has received a right to sue.
>
> The Parties
>
> 6. The plaintiff Willie Meads, where at all times mentioned herein, is a middle age black man, citizen of the United States, resident of Fayette County Kentucky and a former employee of the defendant, Lexington-Fayette County Urban Government.
>
> \*\* \*\* \*\*
> Factual Allegations
> First Cause of Action
>
> 8. The plaintiff Meads makes the claim of: racial discrimination, hostile work environment, retaliation, wrongful termination and an illegal conspiracy.

9.  In July of 2012 the black plaintiff Meads was terminated from his position with the Lexington-Fayette County Urban Government for reasons that have changed and number of times since Meads actual termination date.

10.  Between July 3, 2012 and October 20, 2012, the defendant brought fourth 4 different reason at 4 different times for terminating the plaintiff Meads.  Said defendant brought these reasons before the Lexington-Fayette County Human Rights commission, the U.S. E.E.O.C. and the Kentucky Cabinet Of Unemployment insurance.  The Kentucky Cabinet of Unemployment event went as fast as to help the defendant with his last reason and claim, and in an act of conspiracy entered it into the record on the defendant's behalf.

11.  Yet, the above listed statement is only the tip of the iceberg, during the court's period of discovery the plaintiff Meads will amend his civil action, add an additional defendant agency and 9 individual defendants, said plaintiff at that point will take the court step by step through each and every illegal event in his termination, U.S.E.E.O.C. filing and his filing for state unemployment benefits.

12.  Said plaintiff makes the claim that his termination was race based and had he been a white employee working in a pordomitly [sic] white department, such as police or fire department, the defendants would have applied the laws that govern U.S.E.E.O.C. filing and investigated the plaintiff's claim as the law requires.  The black plaintiff Meads worked for the prodimitly [sic] black solid waste department.  Wherefore, the white defendant saw no need for an investigation and questioned no one with no regard to Meads claims.  While at the same time, white employee with the same U.S.E.E.O.C. filings received the benefit of the law and was not subject to said discrimination like the black plaintiff.

13.  The plaintiff Meads makes the claim of retaliation.  Between June 9, 2012 and July 2, 2012 the plaintiff Meads brought forth his charge of age and sex discrimination.  First to upper management in his solid waste department. Meads then took his claims before L.F.U.C.G. lawyers on the 6th floor of 200 East Main Street Lexington, Ky.  Meads then filed his claims with the Lexington Human Rights Commission and U.S.E.E.O.C. and lastly, Meads filed his claims with L.F.C.U.G. department of human resources.  Five days after his last civil rights filing, and for reason connected to retaliation, the defendant then terminated his employment.

14.  The plaintiff Meads makes the claim of a hostile work environment, and claims that members of management in L.F.U.C.G. solid waste planned the plaintiff termination his first day of training and boldly announced it to

everyone in the solid waste bay area. Said plaintiff work environment was hostile to the point it effected his work and training.

15. And lastly, the plaintiff makes the claim of wrongful termination, illegal conspiracy. Said plaintiff claims are built on the defendant's disregard for the law, perjury, document tampering, forgery, witness tampering and conspiring with other agency to hid evidence, fraud, financial gains and fabucating [sic] evidence. Said plaintiff will go into great detail on the above list in his coming amended complaint, his goal now is to stop the clock.

[Record No. 1-1; Complaint] Thus, as specifically noted in paragraph 11, Meads believed that he had a basis to assert additional claims against at least nine individual defendants at the time his original Complaint was filed. However, notwithstanding that belief, he chose to name LFUCG as the only defendant.

Following removal to this Court, a scheduling conference was held on September 25, 2013. [Record No. 7] During the conference, the plaintiff indicated that he would be retaining counsel in the near future. Additionally, and as outlined in his original Complaint, Meads stated that he intended to amend his original pleading to add additional defendants. Some of those prospective defendants were identified by Meads during the scheduling conference with the Court. The Scheduling Order which was subsequently entered by the Court gave the parties until February 3, 2014, to file any motions to join additional parties or amend the pleadings. [Record No. 8; Scheduling Order, ¶ (7)]

Although he did not retain counsel, Plaintiff Meads moved the Court for leave to amend his Complaint within the time set out in the Scheduling Order. [Record No. 12] The motion was subsequently granted and the Amended Complaint was filed in the record on

November 8, 2013. [Record No. 14][2]  Contrary to Meads' present assertions, the fact that the Court allowed the amendment is no indication that his claims have merit. As specifically indicated in the Court's Order, while the amendment was allowed, "the Court [did] not address the merit of the claims outlined in the Plaintiff's proposed Amended Complaint." [Record No. 13]

The Amended Complaint adds eight individual defendants who Meads asserts are "managers, trainers and management employees" employed by the LFUCG and responsible for "investigations, company policy, training guideline, equal treatment[,] hiring and terminations." [Record No. 14; Amended Complaint, ¶ 11]  In addition, Meads' Amended Complaint adds Kentucky's Education and Workforce Development Cabinet and three individual defendants who he identifies as being "management employees, employed by the defendant the Kentucky Unemployment Insurance Commission[.]"  He also includes "unnamed individuals" within the Cabinet who he claims are responsible for their training. [*Id*. at ¶ 13]

Following service, separate motions to dismiss were filed on behalf of the LFUCG Defendants [Record No. 18] and the Cabinet Defendants [Record No. 20]. Meads responded to both motions on December 16, 2013. [Record No. 21]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

---

[2]  The plaintiff's motion for leave to file an amended complaint has 29 exhibits attached, together with a proposed amended complaint.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). Further, while *pro se* pleadings must be construed liberally, such construction is not without limits.

### III.

### B.     The Cabinet Defendants' Motion to Dismiss

The Cabinet Defendants contend that, with the exception of paragraph 23, Meads' Amended Complaint does not contain any specific allegations against the Education and Workforce Development Cabinet. As noted by the Cabinet Defendants, Meads' claim for unemployment benefits was denied by the Kentucky Unemployment Insurance Commission. Thus, to the extent he is unhappy with that determination, KRS 341.450 provided Meads with a limited right of judicial review. The documents attached to Meads' motion to amend his Complaint indicate that he filed an action in the Fayette Circuit Court challenging that decision but was unsuccessful. Thereafter, he did not seek further review by the Kentucky Court of Appeals. As a result, he may not seek to re-litigate the issue in this forum by adding the Cabinet Defendants to this action.

Further, the allegations contained in paragraph 23 of the Amended Complaint are insufficient to overcome the Cabinet Defendants' motion to dismiss. Meads asserts in this paragraph that the defendants: (i) hid evidence; (ii) committed fraud; (iii) and fabricated transcripts and documents for financial gain. However, he totally fails to provide any specific factual support for these claims. It is not enough to simply allege that an entity "hid evidence" or "fabricated transcripts or documents". A party making such claims must at least identify the evidence, transcripts, and documents and explain how it is relevant to his or her claims. Likewise, general allegations of "fraud" are insufficient to overcome a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Fraud must be pled with particularity and Meads' Amended Complaint is wholly deficient in this regard.

### A. The LFUCG Defendants' Motion to Dismiss

As noted in their supporting memorandum, it is difficult to identify the alleged wrongful actions of the LFUCG Defendants because the Amended Complaint merely adds them as parties without linking them to any particular claims. Thus, Meads has failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires that a plaintiff offer a short and plain statement showing that he is entitled to relief against the defendants. However, even if the Court construes the Amended Complaint as containing claims based on Title VII, those claims would fail against this group of defendants. *See Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("an individual employee/supervisor, who does not otherwise qualify as an employer may not be held personally liable under Title VII"); *Colston v. Cleveland Public Library*, 522 Fed.Appx. 332,

336 (6th Cir. 2013); and *Westermeyer v. Kentucky Department of Public Advocacy*, 2011 U.S. Dist. LEXIS 21629, *13 (E.D.Ky. Mar. 3, 2011).

Likewise, the plaintiffs claims based on the Kentucky Civil Rights Act (KRS Chapter 344) also fail. The LFUCG Defendants do not qualify as the plaintiff's "employer" as that term is defined in the Kentucky statute. *Wathen, supra*. And the LFUCG Defendants are correct in noting that the official capacity claims asserted against them are construed as claims asserted against the entity that they represent (*i.e.*, the LFUCG). *Effinger v. Philip Moris, Inc.*, 984 F.Supp. 1043 (W.D.Ky. 1997) ("The purpose of the Act is properly fulfilled by holding employers ultimately responsible for the discriminatory acts of their employees and agents." Citing *Winston v. Hardee's Food Systems, Inc.* 903 F.Supp. 1151, 1155 (W.D.Ky 1993)).

Meads also cites 42 U.S.C. § 1983[3] as a basis for his claims, although he fails to provide any relevant details. However, even if properly identified, any such claims would be barred by the applicable one-year statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Hornback v. Lexington-Fayette Urban County Government*, 2013 U.S. App. LEXIS 20720 (6th Cir. Oct. 8, 2013) (State law determines the appropriate statute of limitations for claims arising under 42 U.S.C. § 1983. In Kentucky, the limitations period is one year.); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (section 1983 actions in Kentucky are limited by the one-year statute of limitations found in KRS 413.140(1)(a)). As

---

[3] The Amended Complaint fails to state any basis for a claim under 42 U.S.C. § 1981. *Ashcroft v. Iqbal*, *supra* at 678. The defendants are also correct that the plaintiff cannot overcome a motion to dismiss by simply pointing to the exhibits he has attached to his motion to amend without some explanation of how they are responsive to the issues presented.

outlined in the defendant's memorandum, the plaintiff has reason to know of his alleged injury no later than the date of his termination (July 3, 2012). However, Meads did not seek to add the LFUCG Defendants until November 1, 2013, and he does assert that the claims contained in his Amended Complaint should relate back to the filing date of his original Complaint under Rule 15 of the Federal Rules of Civil Procedure. This one-year time limitation would apply with equal force with regard to any conspiracy claims *even if* factual support for such claims had been asserted.

With respect to any remaining state law claims, the LFUCG Defendants also properly note that wrongful discharge claims cannot be asserted against individual employees or supervisors. *Temple v. Pflugner*, 866 F.Supp.2d 735, 744 (E.D.Ky. 2011); *Lorson v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist LEXIS 47969, *5 (W.D.Ky. May 31, 2005). Finally, any state law negligence claims asserted against the LFUCG Defendants would be barred by sovereign immunity based on the absence of specific factual allegations against them. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001); *Estate of Clark v. Daviess County*, 105 S.W.3d 841, 844 (Ky.App. 2003).[4]

In conclusion, the Court notes that Plaintiff Meads has failed to offer any substantive response either motion to dismiss. Instead, he argues that the two motions were prepared "in an act of conspiracy" and claim that the motions are "ridiculous". As a result, he contends that the defendants should be held in contempt because he as been required to stop a "Christmas toy assembly line" for his grandchildren to respond to the motions. [Record No.

---

[4] Having resolved the defendants' motions on the merits, the Court declines to address the plaintiffs' apparent failure to perfect service of process over the moving parties.

21] According to Meads, because the Court previously allowed him to file an Amended Complaint, that pleading is not subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In making this assertion, however, Meads improperly assumes his claims are not subject to challenge and that the defendants have acted improperly in pointing the fundamental defects in his allegations. Simply put, Meads' sarcasm is insufficient to overcome the defendants' motions to dismiss which are well-grounded in legal authority.

**IV.**

The defendants' motions to dismiss are well-taken. Accordingly, it is hereby

**ORDERED** as follows:

1. The motion to dismiss filed by Defendants Education and Workforce Development Cabinet, Defendants Steve Wilborn, Ray Crider and Jon Ackerson in their official capacities, and "unnamed individuals responsible for their training" [Record No. 18] is **GRANTED**.

2. The motion to dismiss filed by Defendants Richard Maloney, Ashley Case, Nicole Rodriguez, Steve Feese, Kevin Bennett, Emma Turley, Kelvin Jackson, and Mike Conner, in their individual and official capacities, [Record No. 20] is **GRANTED**.

3. The claims asserted by Plaintiff Willie Meads against Defendants Kentucky Education and Workforce Development Cabinet, Steve Wilborn, Ray Crider, Jon Ackerson, and "unnamed individuals responsible for their training" and Defendants Richard Maloney, Ashley Case, Nicole Rodriguez, Steve Feese, Kevin Bennett, Emma Turley, Kelvin Jackson, and Mike Conner are **DISMISSED**, with prejudice. These defendants are **DISMISSED** as parties to this action.

This 31st day of December, 2013.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge